■ LYNN MITCHELL, Respondent, v STEPHEN MITCHELL, Appellant.—In an action for divorce, defendant appeals from an order of the Supreme Court, Westchester County, dated June 7, 1976, which awarded plaintiff $80 per week for the support of the parties' children and $500 on account of counsel fees, and denied his cross motion to dismiss the complaint as legally insufficient. Order affirmed, with $50 costs and disbursements. Under all of the circumstances herein, the awards for child support and counsel fees were not excessive. Moreover, the complaint, which charges defendant with cruel and inhuman treatment, is legally sufficient to withstand a motion to dismiss. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ BERNICE MOODY et al., Respondents, v BUSY CORNER RETAIL MEAT STORE, INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries allegedly sustained as the result of the negligent supervision of an employee, defendant Busy Corner Retail Meat Store, Inc., appeals from an order of the Supreme Court, Kings County, dated March 22, 1976, which, in granting plaintiffs' motion pursuant to CPLR 4404, (1) set aside a prior determination which granted appellant's motion for a directed verdict at the close of the evidence at a jury trial and (2) ordered that the action be set down for a jury trial. Order affirmed, with costs to abide the event. A gun is a dangerous instrument, which, if handled carelessly, is likely to injure people. In this case the store manager knew, for several hours before the incident occurred, that one of the butchers in the store had a gun, without a holster, in his belt or pocket, yet did nothing about it. This lack of affirmative action may constitute actionable negligence on the part of the defendant. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.